**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Wolodymyr M. Starosolsky,

Plaintiff,

vs. Civil File No. 00-2760MJD/JGL

Veritec, Inc., a Nevada corporation; Van Thuy Tran, an individual; Jack E. Dahl, an individual; Larry Matthews, an individual; Helen L. Laib, an individual; Steven Holtze, an individual; Larry Johannes, an individual, and The Matthews Group, LLC, a Minnesota limited liability Company,

Defendants.

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

This Memorandum is submitted by the Plaintiff, Wolodymyr M. Starosolsky (hereinafter, "Plaintiff"), in opposition to the Defendants' motion for summary judgment. By its motion, in effect, Defendants seek to dismiss the federal claims and have the case remanded to state court. Plaintiff opposes that relief and maintains that federal jurisdiction properly lies in this action; that there are live federal issues to be addressed. Plaintiff maintains that Defendants' motion should be denied.

## SUMMARY OF THE FACTS

Plaintiff is a shareholder and former director of Veritec, Inc. ("Veritec"). Plaintiff is one of the initial investors in Veritec and largely responsible for identifying and funding the development of the technologies that formed the basis of Veritec's business.

Veritec experienced financial difficulties and disputes with its creditors and an involuntary petition filed for relief under the United States Bankruptcy Code in October 1995. The case was pending in the United States Bankruptcy Court for the Central District of California as case number SV-17978-AG. Defendants' relationship with Veritec arises out of the prior California bankruptcy case.

Veritec proposed a Plan of Reorganization ("Plan") which provided that the Matthews Group would invest $2 million over time and receive shares of the company. The Matthews Group was entitled to representation on the board of directors. The investment was to be paid over a period of years and was to be secured by liens, mortgages or deeds in trust on various properties. The Matthews Group represented that the properties being pledged would be reasonable and sufficient collateral for the note.

In fact, it does not appear that the Matthews Group has ever provided Veritec with the promised mortgages, liens or deeds in trust and has never

given effect of its obligation to pledge properties. The Matthews Group provided a list of properties that were to be pledged as collateral. On subsequent investigation, it appeared that the properties listed were in fact either not owned by members of the Matthews Group or were already subject to pledges so that there was virtually no equity in any of the proposed properties. In any event, it does not appear that any lien was ever granted.

The Plan was confirmed. Members of the Matthews Group were elected to the board of directors. The have exercised complete control over Veritec and its operations since. Over objections of other directors, the Matthews Group refused to disclose that Van Tran had filed a bankruptcy in her proxy statement. Veritec's counsel advised that it was a required disclosure. The proxy statement went out without any appropriate disclosure.

The Plan contemplated that various constituencies of Veritec would serve on the board. Through the actions of Van Tran and other the other Defendants, the board only consists of Van Tran and other members of the Matthews Group or their affiliates. There are no outside directors and there are no other constituencies, shareholders or other stakeholders that are

represented on the board. The board has failed to conduct regular annual shareholders meetings.

The Mathews Group has not paid all of the amounts due to Veritec for their shares in accordance with the note. The Matthews Group has claimed that there are various offsets and justifications for nonpayment. Plaintiff disputes these claims. Defendants have produced no underlying documentation for any of these purported transactions.

Defendants have engaged in a series of self-dealing transactions. As a result of their sole and complete control over Veritec, the Defendants have issued stock to themselves and friends for little or no consideration. The board has not made general offers of shares to the shareholders or to the public. Defendants have been able to solidify effective control at the corporate level by issuing shares that dilute all of the other shareholders' interests and not yearly conducting shareholders' meetings. Van Tran and other members and affiliates of the Matthews Group remain wholly in control of Veritec and the board of directors. There are other incidents of self-dealing including entering into rental agreements, payments of salary, modifications of salary and the issuance of additional shares for little or no consideration and on terms not generally offered to other shareholders or the public.

## PROCEDURAL MATTERS

This case has been pending for almost seven years. The delays are at least equally allocable to the parties. This matter was originally filed in the United States District Court in California. The Defendants removed it to Minnesota. It was dormant for some time after being removed to the United States District Court for the District of Minnesota. The parties mutually agreed to several extensions of the discovery period and one of the Defendants, Veritec, filed for relief under chapter 11 of the United States Bankruptcy Code in the District of Minnesota. This case was then stayed by the automatic stay imposed in that chapter 11 case. Following the conclusion of the Veritec chapter 11 case, the case was once again placed on the active list and a new scheduling order was entered. The discovery period is closed in this case and the matter is virtually trial ready.

Defendants brought the instant motion for summary judgment. At base, the Defendants assert three arguments: (1) The Federal RICO claim is precluded by the Private Securities Litigation Reform Act; (2) The securities fraud claims are not sustainable because they have been rendered moot by subsequent circumstances; and (3) That there is no federal jurisdiction over enforcement of a plan of reorganization as confirmed by the United States Bankruptcy Court.

Based on these three propositions, the Defendants argue that there is no basis for federal jurisdiction and the case should be dismissed, remanding the action to the state court.

With the exception of the RICO claim, the Defendants are wrong and federal jurisdiction does lie in this action. Plaintiff maintains that the court must deny the Defendants motion and retain jurisdiction. Furthermore, Plaintiff claims that even if federal jurisdiction does not lie, the unique and extraordinary circumstances that are presented here the court should retain jurisdiction over the pending claims.

## ARGUMENT

**A. <u>The RICO claims</u>.**

Plaintiff concedes that Congress, intended to preclude claims that were essentially securities law claims being asserted under the Racketeer Influenced and Corrupt Organization Act in adopting the Private Securities Litigation Reform Act.

**B. <u>The securities fraud claims are not moot</u>.**

The Defendants' fundamental position is based upon the fundamental requirement contained in the U.S. Constitution that the United States District Courts have jurisdiction over cases and controversies. See, U.S. Constitution, Article 3, Section 2, Clause 1. It is axiomatic that there must

be an actual case in controversy and a live justiciable issue in order for federal jurisdiction to lie.

The authority relied upon by the Defendants go no further than to reassert this fundamental premise of constitutional law. In the particular set of cases relied upon by the Defendants, this principle is sometimes described as the "mootness doctrine." When a cause of action has been rendered moot, there is no longer a justiciable issue and no longer a case in controversy.

Most of the cases relied upon by the Defendants simply articulate the rule that is generally applicable when determining whether cases are moot. These cases do not have any direct application to the procedural or factual context in this case. For example, in *Senty-Haugen v. Goodno*, 462 F. 3d 876 (8th Cir. 2006), the court held that a Federal Civil Rights action had been rendered moot because of subsequently developed circumstances. There, the prisoner was held in isolation and asserted other claims that amounts to an alleged deprivation of his civil rights. However, at the time of the motion, the defendant had been released from isolation. In that context, the court held that the claim had been rendered moot by a subsequent change in circumstances.

*Maier-Schule GMC, Inc. v. General Motors Corp.*, 850 F. Supp. 1095 (WDNY 1994, involved a dispute between a franchisor and franchisee. The

facts are simply not comparable to those presented here. At best, this case stands for the very general (and certainly well-established principle) that a case can be dismissed when subsequent circumstances render the claims moot.

The only case upon which the Defendants rely that appears to relate to the instant facts is *Buckley v. Archer-Daniels-Midland Co.*, 111 F. 3d 524 (7th Cir. 1997). However on closer consideration, it becomes clear that *Buckley* is inapposite and does not apply to the facts of this case. *Buckley* involved allegations of securities fraud that were directed towards an existing director. At the time the motion was heard in the action, the director against whom the principal allegations of misconduct had been laid had resigned from the board of directors. The question of the propriety of his election and removal as an officer had in fact been rendered moot. That circumstance is entirely distinguishable from the present facts. The Defendants remain on the board and continue to hold all of the disputed shares.

The issues raised by the Complaint have not been rendered moot. In fact, they have become even more critical. The Defendants have used the passage of time to consolidate and solidify control over Veritec by issuing

additional shares and engaging in additional transactions, all of which are objectionable.

Defendants argue that the long time that has elapsed since the commencement of the case and other change in extrinsic circumstances has rendered the case moot. They point to the Mitsubishi arbitration and the second chapter 11 reorganization case. They do not however rely upon any authority to suggest that the mere passage of time or extrinsic circumstances that do not reach to the fundamental issues joined by the action would render a claim moot. The fact that the company's financial condition may have changed is irrelevant to the question of whether the Defendants validly hold any shares and properly managed the company's affairs. Nor is there anything in this record that would enable the court to conclude that the second chapter 11 reorganization has had any impact upon the claims advanced in this action. None of the individual Defendants are in bankruptcy reorganization proceedings. The bankruptcy has not affected any claims against them. The bankruptcy reorganization proceedings left in tact and unimpaired all shares and claims and interests of the shareholders if Veritec. Chapter 11 had no legal consequence upon the shareholders, the shareholders' rights or the claims in this action.

The claims advanced in the Complaint have not been rendered moot. The Defendants cannot claim that these issues have been rendered moot because the defendants still assert complete control over Veritec and they continue to exploit control that they improperly obtained. To the extent that the circumstances have changed, they have only changed for the worse and made the issues joined by this action more important. The issues are not moot, they are critical.

The fact that a subsequent election was conducted does not render the claims moot. One of the essential claims asserted in this action is that the Defendants have improperly issued to themselves controlling shares of Veritec. That they now wield shareholder control and use that power to validate their own actions is not a circumstance that moots the Complaint. It is a circumstance that demonstrates the very need for a trial on the merits to remedy otherwise effective *coup de grace.* Nor is there sufficient evidence on this record to enable the court to conclude that the 2007 proxy statement cured the alleged defects of the 1999 proxy statement. The Defendants cannot establish that the 2007 election is a circumstance that moots the case.

The securities fraud claims as alleged in the action are still alive. Dismissal by reason of application of the mootness doctrine would be improper.

**C. <u>The federal courts have jurisdiction to enforce the chapter 11 claims</u>.**

Defendants argue that this court lacks jurisdiction to hear claims arising out of the chapter 11 plan of Veritec.

Defendants cite no authority for the proposition that the bankruptcy courts do not have jurisdiction over confirmed plans of reorganization and instead make the wild assertion that the claims advanced in this action are not in the bankruptcy case or related to. Congress adopted the Bankruptcy Code in 1978 with the clear intention to extend bankruptcy jurisdiction to the broadest scope possible, consistent with constitutional dictates. Federal bankruptcy court jurisdiction is set forth in 28 U.S.C. §1334. Defendants urge an extremely cramped reading of this section.

Here, the action relates specifically to the terms and conditions of a plan of reorganization that had been confirmed by the court. The matter relates directly to the interpretation of the plan and enforcement of the terms of the plan. In that context, this action specifically relates to a confirmation order and the obligations of the parties under the plan. The enforcement of rights under a confirmed plan of reorganization clearly relates to a Chapter 11 case. Defendants' cramped reading of the United States Code is simply

unwarranted. There is federal jurisdiction to enforce the terms of the plan of reorganization.

**D. <u>Other bases for jurisdiction</u>.**

While not expressly pleaded in the Complaint, this court has diversity jurisdiction over this matter. The Plaintiff resides in New York. The Defendants reside in Minnesota and other states other than New York. The matter at issue exceeds $75,000. Consequently, there is diversity jurisdiction.

In addition, the course of conduct that the Defendants are alleged to have engaged in violates the Sarbanes/Oxley Act. There are independent continuing bases for federal jurisdiction. If necessary, the Plaintiff seeks leave to amend the Complaint to assert these specific bases.

**E. <u>Even absent federal jurisdiction, at this point the court should retain jurisdiction</u>.**

Defendants maintain that if the court concludes that there is no basis for federal jurisdiction that the court must dismiss the action, essentially remanding this action to state court. In raising this assertion, the Defendants over read and misinterpret cases upon which they rely. While the court *may* dismissal an action and independent claims upon dismissal of federal claims, that result is not mandated. The retention of jurisdiction is within the sound discretion of the trial court and the factors to be considered are judicial

economy, convenience, fairness and comity. See, *Barstad v. Murray County*, 420 F. 3d 880 (8th Cir. 2005).[1]

On any fair consideration of the circumstances in this case, retention of jurisdiction is warranted. As Defendants themselves assert, this action has been pending for a great length of time. This matter is virtually trial ready. Defendants have not raised the lack of federal jurisdiction previously. The matter was transferred from one federal court to another at the Defendants' request. A remand will almost certainly result in substantial additional delays and far greater additional costs to the Plaintiff. This court is the most convenient court for the disposition of the case at this juncture. This court is prepared to try the case. The interests of judicial economy would militate strongly in favor of maintaining jurisdiction with this court hearing this case to conclusion. It would be terribly inconvenient and unfair to effectively start this case over in state court. That would merely lead to more time in which the Defendants remain in control over Veritec without any real scrutiny, review or oversight. The conduct of the Defendants warrants a trial on the merits. The time is ripe. This matter has been pending before this court, it is this court that should now hear the matter on the merits.

---

[1] The cases relied upon by Defendants are all cases in which the trial courts determined not to retain jurisdiction and that decision was upheld by reviewing courts. That logic does not, however, lead to the conclusion that this court must dismiss the action if the court dismisses the federal claims.

## CONCLUSION

The Defendants' motion should be denied. Federal jurisdiction lies in this case. There are live, real and important issues that are triable and ready for trial. This court should retain jurisdiction and try this case.

Respectfully submitted,

**Joseph W. Dicker, P.A.**

Dated: 15 June 2007

/e/ *Joseph W. Dicker*
Joseph W. Dicker (158264)
1406 West Lake Street
Suite 209
Minneapolis, MN 55408
Telephone: (612) 827-5941