**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Wolodymyr M. Starosolsky,

Plaintiff,

vs. Civil File No. 00-2760MJD/JGL

Veritec, Inc., a Nevada corporation; Van Thuy Tran, an individual; Jack E. Dahl, an individual; Larry Matthews, an individual; Helen L. Laib, an individual; Steven Holtze, an individual; Larry Johannes, an individual, and The Matthews Group, LLC, a Minnesota limited liability Company,

Defendants.

AFFIDAVIT OF WOLODYMYR M. STAROSOLSKY

STATE OF NEW YORK )
) ss.
COUNTY OF NEW YORK )

COMES NOW, Wolodymyr M. Starosolsky, being first duly sworn, who states and deposes as follows:

1. I am the Plaintiff in the above-captioned action. Formerly, I was a director of Veritec, Inc. ("Veritec"), and remain a shareholder. I make this Affidavit of my own knowledge, except where otherwise indicated, in which case the statements are made upon information and belief, or other attributed bases. I make this Affidavit in opposition to Defendants' motion for summary judgment. If called to testify orally, I would testify substantially as follows.

2. I make this Affidavit to apprise the court of the circumstances giving rise to the claims contained in the Complaint. I summarize them in this Affidavit. I am mindful that the motion for summary judgment is primarily brought on

technical and procedural issues, and that the motion, for the most part, does not reach the substantive allegations of the ComplAint. However, I believe it is important that the court understand the context in which the technical and procedural arguments are being made. I therefore summarize the claims made in the Complaint and the conduct of the Defendants.

3. Veritec was in chapter 11 reorganization proceedings in the Central District of California in case number SV-95-17978 AG. The case was problematic and had been converted to chapter 7 and then back to chapter 11. A plan had been submitted to the court, but the original funders were unable to go forward with the plan. An informal group of investors, consisting of all of the individual Defendants herein, and led by Ms. Van Tran, came to the table as a “white knight.”

4. So far as is relevant to these proceedings, The Matthews Group’s investment was based on three critical elements: They were to invest in and pay over a period of time, the aggregate sum of $2,000,000; the investment was to be 100% secured by an identified set of specific assets, as required by California statute, that were to be pledged as security; and, while the Matthews Group was to be assured representation on the board, the board of directors was to be maintained so as to represent various constituencies amongst the shareholders and stakeholders in Veritec. These provisions were incorporated in the confirmed Plan of Reorganization.

5. The Matthews Group has frustrated each and every one of these obligations. So far as I am aware, the Matthews Group note was never secured by any collateral. On deeper investigation, the menu of property that had been

provided to the former board as an inducement to enter into the agreement with the Matthews Group was false. The properties were either not titled in the name of any members of the Matthews Group, or were subject to liens and encumbrances that exceeded any value. Moreover, the Matthews Group has never, in fact, pledged any of these properties to secure the debt owed to Veritec. Their purported note was not assigned to Veritec. While I was a director, at no point did the Matthews Group ever deliver any instruments of collateralization such as mortgages or deeds of trust to Veritec. Over the course of discovery in this case, we requested documents relating to the collateralization of the Matthews Group note. Defendants provided no such documents. The only records that were produced were the records of corporate minutes and the various quarterly and annual filings with the Securities and Exchange Commission. In the SEC filings, Veritec reports the Matthews Group as an unsecured obligation, and in fact, at various times, discounts it substantially because it is an unsecured debt. I believe it is virtually indisputable on the record that the Matthews Group breached one of the fundamental obligations it undertook in the bankruptcy Plan of Reorganization by failing to collateralize its debt.

6. I believe that the Matthews Group is in substantial default of its payment obligations to Veritec. The Matthews Group engaged in a serious of gerry-mandered actions that I believe were false transactions to evade paying the amounts due to Veritec. Through discovery, Defendants have failed to produce one cancelled check, one wire transfer record, or any other documentation that would demonstrate that they have actually ever paid a

penny to Veritec under the note. Aside from the lack of proof, the Matthews Group has undertaken several actions to evade payment by alleging offsets or other transactions. The most glaring example of this is that Van Tran purportedly waived $80,000 worth of salary in lieu of payments to Veritec. However, there is no satisfactory evidentiary support that Ms. Van Tran in fact waived salary, or that her salary was not artificially inflated in order to create a fake offset.

7. The bottom line is that the Matthews Group has essentially failed to regularly or consistently make required payments to Veritec and as asserted any number of excuses or purported offsets.

8. Van Tran and her colleagues are the only directors. After the other directors resigned, they failed or refused to conduct shareholder meetings. Although the shareholder meetings were required annually, the board of directors meetings were held rarely and infrequently.

9. Van Tran was engaged in various acts of self-dealing. Veritec moved its offices to her home and pays her above market rent. Her salary has never been reviewed by outside directors. The only directors are members of the Matthews Group or cronies of Van Tran. The board does not provide any review or oversight of Veritec’s actions and Veritec’s transactions with Van Tran and the other Defendants.

10. Van Tran has caused Veritec to issue substantial additional shares to herself, other members of the Matthews Group and other friends and affiliates of Van Tran. These share transactions were never made public in advance and no other shareholders or the public were offered the same or similar share

arrangements. The Matthews Group and their affiliates substantially increased their holdings in the company without paying any substantial value.

11. Van Tran and the board caused valuable assets in the form of technologies to be transferred to an entity that was partially owned by Veritec and partially owned by Van Tran and other members of the Matthews Group.

12. When this partially owned subsidiary was unprofitable, Van Tran caused Veritec to repurchase the shares owned by the Matthews Group for their original investment. In effect, Veritec was used to insure that the Matthews Group members would not sustain a loss, and that loss was borne solely by Veritec and the other shareholders. The Matthews Group effectively used Veritec as an insurer against their own loss in situations that they completely control. There does not seem to me any other business logic in that transaction.

13. A dispute over the original proxy statement centered on Van Tran's failure to disclose that she filed for personal bankruptcy relief. The company's lawyers and I advised that this is a material disclosure under the securities laws and had to be disclosed to shareholders. Van Tran refused and the original proxy statements were materially deficient. So far as I am aware, the subsequent proxy statements have not corrected this error, and include many others, including the failure to disclose the numerous self-dealing transactions that the Matthews Group has had with the company.

14. Van Tran remains an officer and director of the company. They only other directors are also members of the Matthews Group or other persons otherwise affiliated with the Matthews Group. The circumstances that gave rise to this action continue to this day and reflect an ongoing course of conduct by the Matthews Group to essentially steal Veritec away from its shareholders and to operate the company for their own benefit with little or no accountability.

Wolodymyr M. Starosolsky

Subscribed and sworn to before me

this 14 day of June, 2007.

Notary Public
Geovanny Fernandez, Esq.

GEOVANNY FERNANDEZ
NOTARY PUBLIC, STATE OF NEW YORK
REG. NO. 02FE6130941
COMMISSION EXPIRES
JULY 25, 2009