**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Wolodymyr M. Starosolsky,

Plaintiff,

v.

Veritec, Inc., Van Thuy Tran, Jack E. Dahl, Larry Matthews, Helen L. Laib, Steven Holtze, Larry Johannes and The Matthews Group, L.L.C.,

Defendants.

Civil File No. 00-2760 MJD/AJB

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Defendants Veritec, Inc. ("Veritec"), Van Thuy Tran, Jack E. Dahl, Larry Matthews, Helen L. Laib, Steven Holtze, Larry Johannes and The Matthews Group, L.L.C. (collectively, "Defendants") respectfully submit this reply memorandum of law in support of their Motion for Summary Judgment.

## INTRODUCTION

Plaintiff does not dispute any of the facts set forth in Defendants' Motion or contend that there are genuine issues of material fact that preclude summary judgment. Instead, through his opposition papers, Plaintiff attempts to manufacture a basis for subject-matter jurisdiction where none exists. He also tries to deflect attention from the issue of jurisdiction by making a number of new, unsupported allegations and asserting new theories of liability that are not pled in the Amended and Restated Complaint ("Amended Complaint"). Furthermore, though his federal claims seek only injunctive and declaratory relief—asking the Court to turn back the clock more than seven years to

the status quo that existed in 1999—Plaintiff has done virtually nothing to pursue these claims either before or after bringing this lawsuit in 2000. It is clear from the undisputed facts set forth in Defendants' opening brief that each of Plaintiff's federal claims fail and should be dismissed with prejudice. Because there is no subject-matter jurisdiction over the remaining state-law claims, the Court should dismiss those claims as well.

## ARGUMENT

### I. PLAINTIFF CONCEDES THAT HIS RICO CLAIMS MUST BE DISMISSED.

Plaintiff acknowledges that his RICO claims are precluded by the Private Securities Litigation Reform Act. *See* Pl.'s Opp'n Mem. at 6. Therefore, those claims should now be dismissed with prejudice.

### II. PLAINTIFF CANNOT DISTINGUISH CLEAR AUTHORITY SHOWING THAT HIS CLAIM FOR INJUNCTIVE AND DECLARATORY RELIEF BASED UPON THE FEDERAL SECURITIES LAWS IS MOOT.

Defendants' opening memorandum explained that Plaintiff's claim under § 14(a) of the Securities and Exchange Act should be dismissed because the only relief that Plaintiff seeks pursuant to that claim—declaratory and injunctive relief relating to the 1999 proxy solicitations and board of directors election—was rendered moot by the proxy statements that Veritec issued and director elections that Veritec conducted in March of 2007. Plaintiff does not dispute that he seeks only declaratory and injunctive

relief pursuant to his federal securities claim.[1] Nonetheless, Plaintiff argues that his claim is not moot because some of the persons who he accuses of committing the proxy violations are still in control of Veritec. *See* Pl.'s Opp'n Mem. at 8-10. This position is wholly unsupported by the law.

The relevant cases make clear that the issuance of new proxy statements and the occurrence of subsequent director elections moot claims seeking to undo earlier elections, regardless of whether the persons accused of committing the proxy violations are reelected to the board or remain in control of the company. Plaintiff asserts that *Buckley v. Archer-Daniels-Midland Co.*, 111 F.3d 524 (7th Cir. 1997), is "inapposite" and "wholly distinguishable" because the directors who were accused of misconduct in that case had resigned from the board. Pl.'s Opp'n Mem. at 8. However, the plaintiff in that case challenged the election of ***each*** of the defendants as directors, not just those few who later resigned from the board. *Id.* at 526 ("Buckley's action challenge[d] the re-election of each of the seventeen [defendants] as Director of [ADM]") (internal quotation marks

---

[1] Notably, Plaintiff did not object to the bankruptcy court's approval of Veritec's plan of reorganization or to the entry of the order that closed Veritec's bankruptcy case. After receiving the allegedly fraudulent proxy statements in November of 1999, Plaintiff did not seek to enjoin the board meeting and director elections in December. Instead, Plaintiff waited seven months and then filed this action in California. In this lawsuit, Plaintiff took virtually no discovery and otherwise exerted little effort to pursue his claims. *See* § V at 7-9, *infra*. Plaintiff's failure to act diligently further supports a dismissal of his claims. *See, e.g.*, *Midwestern Machinery Co., Inc. v. Northwest Airlines, Inc.*, 392 F.3d 265, 277 (8th Cir. 2004) (equitable claims barred where plaintiff "slumbered on its rights"); *Community Stabilization Project v. Martinez*, 31 Fed. App'x 340, 342 (8th Cir. 2002) (affirming dismissal of claims as moot and commenting that equities did not favor plaintiff who waited five months to seek injunctive relief, and therefore had not acted diligently to protect his rights).

omitted). Moreover, the court stated explicitly that the new election based upon new proxies mooted claims for injunctive relief based on previous proxy materials with respect to the directors were reelected: "Even if the 1995 election were invalid because the proxy statements contained material omissions, this court has no remedy to grant Buckley because the directors elected in 1995 either no longer serve as directors, ***or were reelected in 1996 based on new proxy statements***." *Id.* (emphasis added). *See also Fink v. Weill*, No. 02 Civ. 10250, 2005 WL 2298224, at *5 (S.D.N.Y. Sept. 19, 2005) (claim for equitable relief based upon § 14(a) mooted by subsequent elections even though fourteen of eighteen directors were reelected).

As these authorities demonstrate, the question of whether a § 14(a) claim for declaratory or injunctive relief is mooted by a subsequent election does not, as Plaintiff suggests, turn on whether the directors who are accused of committing the proxy violation are reelected to the board. In this case, the Veritec directors occupy their positions on the board because of the election that took place in March of 2007, not the election that took place in December of 1999 that Plaintiff asks this Court to undo. Plaintiff's securities claim, by which Plaintiff requests judicial reversal of the earlier election nearly eight years ago, is therefore moot and should be dismissed with prejudice.

## III. THIS LAWSUIT IS NOT RELATED TO ANY PENDING BANKRUPTCY PROCEEDING.

Plaintiff's assertion that the court has subject-matter jurisdiction over this case because it arises out of or relates to a bankruptcy proceeding is incorrect. There is no subject matter jurisdiction pursuant to 28 U.S.C. § 1334 because the present suit does not

"arise in" or "relate to" a pending bankruptcy matter. The Eighth Circuit has repeatedly held that, for courts to assert jurisdiction in a "related to" bankruptcy case, the proceeding must "have some effect on the administration of the debtor's estate." *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 774 (8th Cir. 1995) (quotations and internal quotation marks omitted). To determine whether a suit will affect the administration of the debtor's estate, the Eighth Circuit has adopted the "conceivable effect" test set forth by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984):

> [T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect ***on the estate being administered in the bankruptcy***.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action ... ***and which in any way impacts upon the handling and administration of the bankruptcy estate***.

*Specialty Mills*, 51 F.3d at 774 (emphasis added; quotation omitted).

Plaintiff's lawsuit is not "related to" Veritec's previous Chapter 11 bankruptcy case because that proceeding closed in October 1999, more than eight months before Plaintiff commenced this suit in June 2000. The outcome of this case cannot possibly affect an "estate being administered in bankruptcy" or impact upon "the handling and administration of the bankruptcy estate." Consequently, this lawsuit is not "related to" any bankruptcy proceeding. *See Specialty Mills*, 51 F.3d at 774 (suit filed after final resolution of dispute in bankruptcy court was not "related to" bankruptcy proceeding under conceivable effect test, and thus there was no subject-matter jurisdiction); *National City Bank v. Coopers & Lybrand*, 802 F.2d 990, 994 (8th Cir. 1986) (affirming district court's conclusion that suit could not affect rights of bankruptcy debtor, and therefore

was not "related to" bankruptcy proceeding, where bankruptcy court had confirmed reorganization plans and obligations of debtors had been discharged). *See also In re McAlpin*, 263 B.R. 881, 884-85 (B.A.P. 8th Cir. 2001) (adversary proceeding could not impact upon handling or administration of bankruptcy estate, and therefore was not "related to" bankruptcy case, because debtor had already been granted a discharge and his bankruptcy estate no longer existed).[2]

**IV. PLAINTIFF'S BELATED, PASSING REFERENCES TO "OTHER BASES FOR JURISDICTION" DO NOT ESTABLISH SUBJECT-MATTER JURISDICTION OVER THIS CASE.**

Plaintiff makes passing reference in his opposition memorandum to two purported "other bases for jurisdiction"—the diversity statute and the Sarbanes-Oxley Act. Pl.'s Opp'n Mem. at 12. Neither provides a basis for federal jurisdiction here.

In order for there to be subject-matter jurisdiction based upon diversity, the essential elements of diversity jurisdiction must be alleged in the pleadings. *See, e.g.*, 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3602 (2d ed. 1984). Here, Plaintiff's Amended Complaint neither pleads jurisdiction based upon diversity nor states facts necessary to show either complete diversity of citizenship or the amount in controversy. In the absence of these necessary pleadings in the complaint, Plaintiff's perfunctory mention of the diversity statute in his opposition brief

---

[2] Even if the present suit was "related to" a bankruptcy proceeding, this Court would be required to abstain from hearing the case under 28 U.S.C. § 1334(c)(2). *See St. Paul Fire & Marine Ins. Co. v. A.P.I., Inc.*, No. Civ. 05-139, 2005 WL 679072, at **2-3 (D. Minn. Mar. 23, 2005) (Magnuson, J.) (mandatory abstention applied to "related" proceeding because § 1334(b) was the only basis for federal jurisdiction and the matter could be timely adjudicated in state court).

is plainly inadequate to establish diversity jurisdiction. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983) (district court properly dismissed suit where amended complaint did not assert jurisdiction under § 1332 or plead requisite facts to show complete diversity).

Plaintiff's reference to the Sarbanes-Oxley Act similarly fails to establish subject-matter jurisdiction.[3] Once again, Plaintiff does not assert a cause of action under that statute in the Amended Complaint. Mere reference to a federal statute in opposition to summary judgment cannot create federal-question subject-matter jurisdiction, particularly where Plaintiff does no more than make the bald assertion in the opposition brief that "the course of conduct that the Defendants are alleged to have engaged in violates the Sarbanes/Oxley Act." Pl.'s Opp'n Mem. at 12.[4]

## V. THERE ARE NO SPECIAL CIRCUMSTANCES JUSTIFYING RETENTION OF JURISDICTION OVER PLAINTIFF'S STATE-LAW CLAIMS FOLLOWING DISMISSAL OF THE FEDERAL CLAIMS.

Plaintiff argues that, even if this Court dismisses all of his federal claims, it should exercise its discretion to retain jurisdiction over the state-law claims. *See* Pl.'s Opp'n Mem. at 12-13. This position is contrary to the vast body of case law holding that, absent special circumstances, district courts should decline to exercise jurisdiction over state-law claims where federal claims that are the basis for jurisdiction are eliminated before trial. *See, e.g.*, *Edwards v. Windall*, 17 F. Supp. 2d 1038, 1043 (D. Minn. 1998) (Davis, J.)

---

[3] Plaintiff's brief fails to disclose that the Sarbanes-Oxley Act was adopted years after Plaintiff filed his complaint.

[4] Plaintiff has not sought leave to amend the Amended Complaint to add additional claims, as would be required by Rule 15(a) of the Federal Rules of Civil Procedure.

(dismissing state claims upon finding that there were no special circumstances justifying departure from general precept that the balance of factors weighs against exercise of supplemental jurisdiction following elimination of federal claims before trial). While it is certainly within the Court's discretion, no special circumstances exist here to warrant retention of jurisdiction over the state claims. To the contrary, despite the age of the case, Plaintiff has done very little to pursue his claims, and thus it would not be unfair, burdensome, or inconvenient for Plaintiff to assert his state-law claims in state court.

Plaintiff professes that the case is "virtually trial ready," that dismissal of the state-law claims "will almost certainly result in substantial additional delays and far greater additional costs," and that "[i]t would be terribly inconvenient and unfair to effectively start this case over in state court." Pl.'s Opp'n Mem. at 13. However, the history of this lawsuit belies these contentions and shows that, despite bearing the burden of proof, Plaintiff expended very little effort or expense on discovery. For example, Plaintiff never provided disclosures pursuant to Rule 26(a), served only one round of written discovery (in April of 2003), and did not take any depositions. When Defendants served discovery requests in October of 2003, Plaintiff took years to respond and ultimately produced only two documents (totaling just fifteen pages) in May 2007 just prior to the close of fact discovery, and only then after Defendants' counsel threatened to bring a motion to compel.[5] Furthermore, Plaintiff did not designate any expert witnesses or seek to take

---

[5] Plaintiff's discovery responses, including his two-document, fifteen-page document production, are attached as Exhibit A to the Affidavit of Curtis D. Ripley in Support of Defendants' Reply Mem. of Law in Supp. of Summary Judgment. The first document, titled "Table of Malfeasance and Misfeasance by Officers, Directors and

any third-party discovery.[6] In any event, the nominal factual record that has been developed will "follow the parties back to state court," *Geist-Miller v. Sun Place Tanning Studios, Inc.*, No. 05-1177, 2006 WL 3004101, at *2 (D. Minn. Oct. 20, 2006) (Davis, J.), and render it unnecessary to duplicate efforts if Plaintiff elects to file his state-law claims in a state forum.

Finally, this Court has not ruled on the merits of Plaintiff's state-law claims or otherwise invested substantial resources in this case. These facts further weigh in favor of declining to exercise jurisdiction over the state claims. *See id.* (remanding case to state court where Court had only entered scheduling orders, had not invested substantial resources in case, and had not ruled on the merits of state-law claims).

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motion and opening memorandum of law, Defendants respectfully request that the Court grant their Motion for Summary Judgment and dismiss Plaintiff's federal claims with prejudice.

---

others for Veritec, Inc.," is nothing more than a chart created by Plaintiff purporting to set forth various unsupported accusations against Defendants and others. The other document is a copy of the Promissory Note between Veritec and The Matthews Group and attachments relating to one of the properties that was collateral for that note.

[6] Even Plaintiff's actions with respect to this Motion show his apparent lack of interest in diligent prosecution of this case. When Defendants filed this Motion, Plaintiff's counsel asked for additional time to file the opposition brief on the stated grounds that Plaintiff also planned to file a motion for summary judgment. Thus, believing that the parties would be briefing cross motions, Defendants' counsel agreed to an extended briefing schedule that afforded Plaintiff an additional twenty-two days to file the opposition brief (from May 24 to June 15), and that pushed the hearing date back more than two months (from July 6 to September 7). When the extended due date for Plaintiff's opposition brief finally arrived, Plaintiff's counsel informed Defendants that Plaintiff had decided not to bring his own summary judgment motion.

Defendants further request that the Court decline to exercise jurisdiction over Plaintiff's pendent state-law claims and therefore dismiss those claims without prejudice.

Respectfully submitted,

Dated: July 30, 2007

s/ Curtis D. Ripley

David R. Crosby (# 237693)
Curtis D. Ripley (#0386988)
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

*Attorneys for Defendants Veritec, Inc., Van Thuy Tran, Jack E. Dahl, Larry Matthews, Helen L. Laib, Steven Holtze, Larry Johannes and The Matthews Group, L.L.C.*