UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wolodymyr M. Starosolsky,

Plaintiff,

v.

MEMORANDUM OPINION
AND ORDER
Civil No. 00-2760

Veritec, Inc. et al.,

Defendants.

---

Joseph W. Dicker, P.A. for and on behalf of Plaintiff.

David R. Crosby and Curtis D. Ripley, Leonard, Street and Deinard, Professional Association for and on behalf of Defendants.

---

This matter is before the Court upon Defendants' motion for summary judgment.

Factual Background

Veritec, Inc. ("Veritec") is a Nevada corporation and is engaged in the development, marketing and sales of a line of microprocessor based encoding and decoding systems utilizing a patented two-dimensional barcode technology. Veritec's common stock is traded over the counter, subjecting the company to SEC reporting obligations.

In October 1995, Veritec's creditors filed an involuntary petition for relief in bankruptcy against Veritec in the United States Bankruptcy Court for the Central District of California. Ultimately, the Bankruptcy Court confirmed Veritec's Chapter 11 Reorganization in May 1997. This plan required an investor to invest $2 million in new assets into Veritec in exchange for new Veritec convertible preferred stock. By December 1998, the Plan had not yet been satisfied.

In December 1998, Defendant The Matthews Group, L.L.C. ("TMG") contacted Veritec and indicated an interest in investing. Thereafter, Veritec and TMG signed a preliminary agreement and Veritec's Board of Directors approved certain items, subject to due diligence. Under the terms of TMG's proposed investment in Veritec, TMG would deliver a $2 million promissory note to Veritec payable at a rate of $18,518.52 per month for 108 months, bearing no interest, in exchange for 275,000 shares of Veritec Series H Convertible Preferred stock, convertible to 2.75 million shares of Veritec common stock. The Veritec Board of Directors held a meeting on April 26, 1999, regarding TMG's proposal, and a majority of the Board approved the TMG proposal.

Subsequently, in October 1999, the Bankruptcy Court entered a final decree closing Veritec's bankruptcy proceeding. Plaintiff, who is the former director of Veritec and one of its shareholders, did not assert any claims in this bankruptcy proceeding.

On or about November 8, 1999, Veritec filed a Schedule 14A with the SEC relating to the annual Veritec shareholders meeting, and on November 24, 1999, proxy solicitations were distributed. The annual meeting was then held on December 20, 1999. At this meeting, Defendants Tran and Matthews, and a third individual were elected directors. Plaintiff did not seek to enjoin this election at that time. Over six months later, however, on June 30, 2000, Plaintiff filed this lawsuit in the U.S. District Court, Central District of California, seeking in part to vacate the results of the 1999 Board of Directors elections. The matter was later transferred to this Court in December 2000.

In the Amended and Restated Complaint, Plaintiff alleges nine causes of action. Two are claims under federal law: a derivative claim under § 14(a) of the Securities and Exchange Act ("Exchange Act") and SEC Rule 14a-9 (First Claim for Relief) and a civil RICO claim (Eighth Claim for Relief). Plaintiff has also asserted a claim under the Declaratory Judgment Act, and two state law claims of breach of contract and fraud that are related to a bankruptcy proceeding (Sixth and Seventh Claims for Relief). The remainder of the claims assert state causes of action such as breach of contract, breach of fiduciary duty and fraud.

The underlying basis of the derivative claim under §14(a) of the Exchange Act concerns the proxy solicitations sent out in November 1999. Plaintiff alleges these proxies contained false statements of material fact and omitted material

facts. One allegedly omitted material fact concerned Defendant Van Tran, the individual who was later elected President of the Board. Plaintiff alleges Van Tran had previously filed personal bankruptcy, but that such fact was not included in the proxy. Plaintiff also alleges that pursuant to Veritec's proposed plan of reorganization, TMG was to invest $2 million into Veritec over time and receive shares in the company. The investment was to be secured by liens, mortgages or deeds, and TMG represented that the properties being pledged would be sufficient collateral for the notes. Plaintiff alleges that TMG never provided Veritec the promised mortgages, or promissory notes. Plaintiff further alleges that the plan was confirmed by the Bankruptcy Court, and members of TMG were elected to the Board, and that they have exercised complete control over Veritec and its operations since. TMG has allegedly not paid all of the amounts due to Veritec for the shares the company has received.

<u>Factual Background - Post Filing of Lawsuit</u>

In January 2002, Veritec initiated arbitration against Mitsubishi alleging five causes of action arising out of various contracts and business dealings. Mitsubishi counterclaimed and arbitration commenced. In February 2005, the arbitrators issued an adverse ruling against Veritec for trade secret misappropriation and copyright infringement. A monetary award was issued in favor of Mitsubishi in the amount of $8,174,518. On February 28, 2005, Veritec filed a voluntary

petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the District of Minnesota. The Bankruptcy Court later converted the Chapter 11 proceeding to a Chapter 7 proceeding.

Mitsubishi and Veritec entered into a settlement agreement in February 2006, which provided *inter alia* that Mitsubishi would waive its right to the $8,174,518 award and granted Veritec a license to use Mitsubishi's Error Detection and Correction Technology. The Bankruptcy Court thereafter ruled in favor of reconverting the proceeding to a Chapter 11 proceeding. On April 26, 2006, the Bankruptcy Court confirmed Veritec's Third Amended Plan of Reorganization. A Final Decree was entered on August 8, 2006, which closed the Chapter 11 proceeding.

Thereafter, in February 2007, Veritec filed a Schedule 14A with the SEC containing proxy materials related to the annual meeting scheduled for March 2007. At this meeting, Defendants Tran and Matthews were reelected as directors by a vote of Veritec's shareholders. Plaintiff did not seek to enjoin this election either.

Defendants move the Court for summary judgment as to the asserted federal claims, and requests that the Court decline to exercise jurisdiction over the pendent state law claims.

Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. Id. at 323. If the opposing party fails to make a showing that supports the existence of an element essential to the case on which they have the burden of proof at trial, summary judgment must be granted. Id. at 332-33. Summary judgment should seldom be used in employment discrimination cases. Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994)(citations omitted). However, summary judgment should not be viewed as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, designed to secure the just, speedy and inexpensive resolution of every action. Celotex Corp., 477 U.S. at 327.

Analysis

Plaintiff concedes that the Eighth Claim for Relief, the RICO claim, should be dismissed as such claims are precluded under the Private Securities Litigation Reform Act ("PSLRA").

With respect to the First Claim for Relief, the derivative claim pursuant to Section 14(a) of the Exchange Act, Defendants note that Plaintiff is seeking only declaratory and injunctive relief. Specifically, Plaintiff is requesting an order setting aside the results of the 1999 shareholders meetings, and ordering a new shareholders meeting following the filing and dissemination of proxy materials that are in full compliance with the Exchange Act and the rules and regulations promulgated thereunder. See Amended and Restated Complaint, p. 35. Given the relief requested, Defendants argue this claim is moot due to the filing and dissemination of new proxy materials and a new shareholders meeting and election in February and March 2007. Two of the board members sued in this case, Helen Laib and Steven Holtze, no longer serve on Veritec's board and Defendants Tran and Matthews were reelected in 2007. Under similar circumstances, other courts have found claims challenging shareholder elections moot after a new election has taken place.

For example, in Buckley v. Archer-Daniels-Midland Co., 111 F.3d 524 (7th Cir. 1997) plaintiff had asserted similar claims - that defendants omitted material facts from the proxy statements, which if disclosed, would have altered the 1995 election. The court dismissed the claims as a subsequent election took place based on new proxy statements.

> Even if the 1995 election were invalid because the proxy statements contained material omissions, this court has no remedy to grant Buckley

> because the directors elected in 1995 either no longer serve as directors, or were reelected in 1996 based on new proxy statements.

Id. at 526. See also, General Electric Co. by Levit v. Cathcart, 980 F.2d 927, 934 (3rd Cir. 1992); Browning Debenture Holders' Comm. v. DASA Corp., 524 F.2d 811, 817 (2nd Cir. 1975).

Plaintiff responds that the Buckley case is inapposite, as the director, against whom the principal allegations of misconduct had been directed, had resigned. In this case, the challenged directors are still on the board. This is a distinction without a difference, however. In Buckley, the court noted the issue was moot because the directors were either no longer serving or *had been reelected*. Buckley, 111 F.3d at 526 (emphasis added).

Plaintiffs further argue that the issue is not moot because over the passage of time, the issue has become more critical, asserting Defendants have had more time to assert control over Veritec. The only asserted basis for Plaintiff's First Claim for Relief, however, is the allegation that the 1999 proxy statements contained misrepresentations or omitted material facts, and as a result, the Defendants were elected to the Board. As a new election took place in March 2007, and there are no allegations the proxy statements distributed in connection with this election contain misrepresentations or omit material facts, the equitable relief sought because of the earlier election is moot.

Defendants assert that if the Court dismisses the claims asserted pursuant to RICO and the Exchange Act, this Court no longer has subject matter jurisdiction over Plaintiff's claims. Defendants request that the Court decline to exercise supplemental jurisdiction over the remaining state law claims.

Plaintiff asserts that even if the Court were to dismiss his claim under the Exchange Act, this Court has subject matter jurisdiction over his remaining claims pursuant to diversity jurisdiction and because this case is related to a bankruptcy proceeding.

With respect to diversity jurisdiction, the Court notes that Plaintiff did not plead jurisdictional facts in the Amended and Restated Complaint. See Naartex Consulting Corp. v. Watt, 772 F.2d 779, 792 (D.C. Cir. 1983). Accordingly, on this record, Plaintiff has not demonstrated that this Court has diversity jurisdiction over this matter.

Whether or not a case is related to a bankruptcy proceeding depends on whether the case could have an affect on the administration of the debtor's estate. See Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 774 (8th Cir. 1995). See also, National City Bank v. Coopers & Lybrand, 802 F.2d 990, 994 (8th Cir. 1986). As no bankruptcy proceeding was pending at the time this suit was filed, this suit could not have an affect on the administration of the debtor's estate. Id.

Plaintiff responds that this action relates to a bankruptcy proceeding, as it relates to the interpretation of the reorganization plan and enforcement of its terms. This is not the standard, however. The standard is whether the issue will affect the administration of the debtor's estate. In this case, the bankruptcy was closed, therefore the bankruptcy court was no longer administering the debtor's estate.

This Court has the discretion to decline jurisdiction over state law claims, if it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367 (c)(3). Generally, the factors to be considered - judicial economy, convenience, fairness and comity - will point toward declining to exercise jurisdiction over the remaining state law claims. Barstad v. Murray County, 420 F.3d 880, 888 (8th Cir. 2005). In this case, the Court finds there are no special circumstances justifying departure from this general rule.

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [Doc No. 60] is GRANTED. Plaintiff's First and Eighth Claims for Relief are DISMISSED WITH PREJUDICE, and the remaining state law claims are dismissed without prejudice.

Date: September 13, 2007

s /Michael J. Davis
Michael J. Davis
United States District Court